JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER CABLE PRODUCTS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD GUNAWAN, an Individual, et al.,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION. | Case No.: CV10-10031 ODW (JCx)<br><br>[~~PROPOSED~~] PERMANENT INJUNCTION AGAINST DEFENDANT RONALD GUNAWAN AND CROSS-DEFENDANTS WAISE PAIRASTA AND GARY VILLA |

The Court, pursuant to the Stipulation For Entry of Permanent Injunction ("Stipulation"), between Plaintiff MONSTER CABLE PRODUCTS, INC. ("Plaintiff") on the one hand, and Defendant RONALD GUNAWAN ("Defendant")

- 1 -
[~~PROPOSED~~] PERMANENT INJUNCTION

and Cross-Defendants WAISE PAIRASTA and GARY VILLA (collectively, "Cross-Defendants"), on the other, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered on the Complaint and Cross-Complaint in the above-referenced matter as follows:

    1.    **PERMANENT INJUNCTION.** Defendant and Cross-Defendants and any person or entity acting in concert with, or at the direction of Defendant and Cross-Defendants, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which Defendant and Cross-Defendants may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* §1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

    a.    copying, manufacturing, importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any Plaintiff's Monster® trademarks, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Monster® trademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

    b.    performing or allowing others employed by or representing them, or under their control, to perform any act or thing which is likely to injure Plaintiff, any Plaintiff's Monster® trademarks, and/or Plaintiff's business reputation or goodwill;

    c.    engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, or other act which would tend damage or injure Plaintiff; and/or

      d.    using any Internet domain name or website that includes any Plaintiff's trademarks, including the Monster® Beats® marks.

    2.    Defendant and Cross-Defendants are ordered to deliver immediately for destruction all unauthorized products, including counterfeit Monster® products and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of Plaintiff's intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof to the extent that any of these items are in Defendant's and Cross-Defendants' possession.

    3.    This Permanent Injunction shall be deemed to have been served upon Defendant and Cross-Defendants at the time of its execution by the Court.

    4.    The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendant and Cross-Defendants.

    5.    **NO APPEALS AND CONTINUING JURISDICTION.**  No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction.

    6.    **NO FEES AND COSTS.**  Each party shall bear its own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDICATED and DECREED this 4th day of October, 2011.

HON. OTIS D. WRIGHT II
United States District Judge for the Central District of California